Garrett S. Garfield, OSB No. 093634
serve.gsg@hklaw.com
HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204
Telephone: (503) 243-2300
Telefax: (503) 241-8014

Attorneys for Plaintiff
QINGDAO OCEAN SHIPPING CO. LTD.

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| QINGDAO OCEAN SHIPPING CO. LTD., | Case No.: |
| Plaintiff, | **VERIFIED COMPLAINT** |
| v. | |
| CJ INTERNATIONAL ASIA PTE LTD., | |
| Defendant. | |

Qingdao Ocean Shipping Co. Ltd. ("**Qingdao**") submits this verified complaint against foreign corporation CJ International Asia Pte Ltd. ("**CJ**") and seeks the issuance of an order pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("**Rule B**"), directing the seizure and attachment of Defendant CJ's property aboard the vessel *SAKURA OCEAN*, a 23,268 gross ton bulk carrier of Panama flag, with the IMO number 9599822 (the "**Vessel**"), which Vessel is presently located at the port of Kalama,

Page 1 -   VERIFIED COMPLAINT

Washington, on the Columbia River, a river this Court has concurrent jurisdiction over pursuant to the Oregon Admissions Act, 11 Stat. 383 (1859), and upon which the marshal may serve process pursuant to Local Rule 1056-1.  Upon information and belief, defendant CJ is the charterer of the Vessel and the owner of bunkers, cargo, and/or negotiable bills of lading that are aboard the Vessel.

## QINGDAO'S CLAIM AGAINST CJ

1.      Plaintiff Qingdao is a Chinese-based entity that acts as disponent owner of vessels.

2.      Defendant CJ is, upon information and belief, a Singapore-based vessel charterer. Upon information and belief, CJ is the charterer of the Vessel.

3.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

4.      Venue in this action is properly found in this Honorable Court pursuant to 28 U.S.C. § 1391(b), as the defendant's property is subject to the court's jurisdiction.

5.      This Court has *quasi in rem* jurisdiction over defendant CJ because upon information and belief, CJ has property aboard the Vessel located on the Columbia River.

6.      CJ previously chartered the vessel *M.V. Jupiter* from plaintiff Qingdao pursuant to a time charter party dated January 11, 2012  (the "**Jupiter Charter**").

7.      Pursuant to the Jupiter Charter, CJ was obligated to supply bunker fuel for the *M.V. Jupiter* for one time charter trip of 70–80 days and to redeliver the vessel with the same amount of bunkers as were on board the Vessel at the time of delivery.  Specifically, the two clauses addressing these obligations provide:

Page 2 -    VERIFIED COMPLAINT

> *"That whist on hire, the Charterers shall provide and pay for all the fuel except as otherwise agreed . . ."*
>
> *[Vessel redelivery] "ab[ou]t the same q[uanti]ties [of fuel] as actually on board on del[iver]y"*

*See* Exhibit 1, p. 2 (Exhibit 1 is fully described below in Paragraph 14).

8.     The Jupiter Charter provided bunker specifications that CJ was required to meet to ensure the bunkers were suitable for burning in the *M.V. Jupiter*'s engines.

9.     Qingdao delivered the *M.V. Jupiter* to CJ on January 11, 2012.  Two months later, on March 25, 2012 in Singapore, CJ supplied bunkers to the *M.V. Jupiter* as required by the charter.

10.     As is customary in the maritime industry, samples of the bunker fuel loaded onto the *M.V. Jupiter* were taken by the *M.V. Jupiter*'s crew and in the presence of a bunker surveyor.

11.     On April 2, 2012, the results of the bunker sampling indicated that the fuel loaded onto the *M.V. Jupiter* on March 25, 2012 did not meet the specific fuel requirements in the Jupiter Charter.  Qingdao provided copies of the fuel test results to CJ and further testing was conducted.  The additional testing confirmed fuel specification irregularities.

12.     On April 11, 2012, CJ redelivered the *M.V. Jupiter* to Qingdao but refused to confirm liability for all losses and damages resulting from the Singapore bunker fuel being off specification.   Moreover, it refused to provide additional, correct specification bunkers, at redelivery so that it complied with the obligation of redelivering the *M.V. Jupiter* with the amount of bunkers on board at the time of delivery.

13.     CJ breached the Jupiter Charter by loading the *M.V. Jupiter* with unusable bunker

Page  3 -    VERIFIED COMPLAINT

fuel, causing substantial damages to Qingdao.

14.    This claim is brought by Qingdao to obtain security for its claims against CJ arising from the Jupiter Charter, which claims have already been submitted to arbitration in London on October 15, 2012.  A true and correct copy of Qingdao's arbitration submission is attached hereto as Exhibit 1.  As set forth in the arbitration submission (Annex 2), due to CJ's breach of the Jupiter Charter, Qingdao has incurred damages in the minimum amount of $2,277,009.94.  *See* Exhibit 1, pp. 95–96.

15.    The Jupiter Charter is a maritime contract and therefore Qingdao is entitled to the issuance of a Rule B order of attachment directing seizure of Defendant CJ's property aboard the Vessel.

16.    **Rule 44.1 Statement of Intent to Rely on Foreign Law**.  Whereas the Jupiter Charter is governed by English law, Plaintiff Qingdao intends to rely on foreign law, specifically the laws of England.

## RELIEF SOUGHT

17.    The Jupiter Charter provides that all disputes are to be arbitrated in London under English Law, and arbitration in London has already been commenced.

18.    The action herein is submitted in accordance with Rule B of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure as well as 9 U.S.C. § 8, and thus this action is not and cannot be considered a waiver of the Jupiter Charter's arbitration clause.

19.    CJ cannot be found within this District, nor can it be found with the State of Washington for the purposes of Rule B.  CJ is not subject to general jurisdiction in this District

Page 4 -    VERIFIED COMPLAINT

or the State of Washington and does not have an agent for service of process in either jurisdiction.

20.     Under English law and in London arbitration, arbitration awards regularly include interest and costs, including a reasonable allowance for attorneys' fees.

21.     Attorneys' fees and arbitration costs in this matter are estimated to be $350,000.00.

22.     It is estimated that it may take up to approximately three years to finally resolve this matter in London arbitration (including any appeal process). Under relevant English law and London arbitration procedure, a reasonable interest rate is 5.00% per annum (subject to possible adjustment by the London arbitrators), resulting in the following estimated interest and attorneys' fees in addition to Qingdao's principal claim:

| | |
|---|---|
| Interest (5.0% X  $2,277,009.94 X 3 years) | $ 341,551.49 |
| Attorneys' fees and arbitration costs: | $ 350,000.00 |
| Principal Claim: | $2,277,009.94 |
| **Total Sought:** | **$2,968,531.43** |

23.     The order and writ Qingdao seeks would permit Qingdao to attach the bunkers aboard the Vessel because the time charterer of a vessel, such as CJ, traditionally holds all rights to bunkers during the term of the time charter.  Upon information and belief, the owner of the Vessel is non-party Shunzan Kaiun Co Ltd & Primavera Montana SA.

24.     The order and writ would also allow for the attachment of additional property aboard the Vessel.  CJ may also hold title to the cargo being loaded aboard the Vessel and/or the negotiable bills of lading connected with the cargo.

Page  5 -    VERIFIED COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Qingdao prays as follows:

1.      That an order and writ of attachment pursuant to Rule B issue against CJ and that any property of CJ aboard the Vessel, including but not limited to the Vessel's bunkers, the cargo aboard the Vessel and/or the negotiable bill of lading connected with the cargo, in an amount not less than $2,968,531.43, be attached in accordance with Rule B;

2.      That any property attached in this proceeding be expeditiously sold under the direction of this Court and that the proceeds of the sale be brought into this Court to satisfy all amounts owed to Qingdao;

3.      That Defendants and any other person claiming an interest therein may be cited to appear and answer the matters aforesaid;

4.      That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

5.      That this Court grant Qingdao such other and further relief which it may deem just and proper.

DATED: December 12, 2012.

HOLLAND & KNIGHT LLP

By:  /s/ Garrett S. Garfield
Garrett S. Garfield, OSB No. 093634
serve.gsg@hklaw.com
HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204
Telephone: (503) 243-2300
Telefax: (503) 241-8014

Attorneys for Plaintiff Qingdao Ocean
Shipping Co. Ltd.

Page  7 -    VERIFIED COMPLAINT

## <u>VERIFICATION</u>

I, Garrett S. Garfield, state as follows:

I am associated with the firm of Holland & Knight LLP, counsel for Qingdao Ocean Shipping Co. Ltd. ("**Qingdao**"), plaintiff in the foregoing action. I have read the foregoing Verified Complaint and know the contents thereof, and the same are true and correct to the best of my knowledge. I have reviewed documentation provided to me by Qingdao's representatives and corresponded with Qingdao's representatives regarding this matter. I am authorized by Qingdao to make this verification, and the reason for my making it as opposed to an officer or director of Qingdao is that there are none within the jurisdiction of this Honorable Court.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made subject to penalty for perjury under the laws of the United States.

DATED this 12th day of December, 2012.

/s/ Garrett S. Garfield_____
Garrett S. Garfield

Page 1 -    VERIFICATION